## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Tahira M. Wyatt, *Debtor*. | Case No. 25-12547-djb <br> Chapter 7 |
| Derrick N. Bey, *Plaintiff*, <br><br> v. <br><br> Tahira M. Wyatt, *Defendant*. | Adversary No. 25-00182-djb |

### Defendant's Motion to Dismiss Adversary Complaint

Defendant Tahira M. Wyatt, through her attorney, moves under Fed. R. Bankr. P. 7012(b), Fed. R. Civ. P. 12(b)(6), and Local Bankr. R. 7005-1(b) to dismiss the Complaint in the above matter for failure to state a claim upon which relief can be granted.

### Background

The Defendant petitioned the Court for protection under chapter 7 of the Bankruptcy Code on June 25, 2025. The Plaintiff, who is the Defendant's former spouse, is prosecuting an equitable distribution claim against the Defendant in the Philadelphia Court of Common Pleas. On July 21, 2025, the Plaintiff filed a single-count complaint to declare the equitable distribution claim nondischargeable under 11 U.S.C. § 523(a)(15).

### Standard of Review

The Court must dismiss complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012). When reviewing a complaint under Rule 12(b)(6), the Court must (1) take note of the elements required to state a

claim, (2) identify and then disregard conclusory statements disguised as facts, and (3) decide whether all well-pleaded factual allegations (which the Court must assume are true) plausibly give rise to an entitlement for relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009)). Conclusory statements are "naked assertions devoid of further factual enhancement," "labels and conclusions," and "formulaic recitation[s] of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotations and alterations omitted). The facts pleaded must show that a claim for relief is "plausible on its face." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotations omitted).

## Argument

The Complaint fails on two independent grounds. *First*, Section 523(a)(15) is self-executing and does not require (or permit) an adversary complaint to determine dischargeability. *Second*, the Complaint offers only conclusory assertions barred by *Iqbal* and identifies no operative act that requires the Defendant to pay money or convey property to the Plaintiff.

I.   **The Complaint must be dismissed because Section 523(a)(15) debts pass through the discharge automatically.**

A discharge under chapter 7 relieves a debtor of all debts arising before the bankruptcy was filed, except for those enumerated in Section 523. 11 U.S.C. § 727(b). All such exceptions are automatic and pass through the discharge by operation of law, except for those specified under Sections 523(a)(2), (4), and (6). *See* 11 U.S.C. § 727(c)(1); *Judd v. Wolfe*, 78 F.3d 110, 114 (3d Cir. 1996). For that reason, the Court cannot grant relief to determine dischargeability when a claim is pleaded under Section 523(a)(15).

**II.     Even if Section 523(a)(15) debts do not pass through the discharge automatically, the Complaint must be dismissed because it fails to plead the elements with the necessary specificity.**

Section 523(a)(15) excepts from discharge all debts owed to a debtor's former spouse "that [are] incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit." To state a plausible claim, the Plaintiff must plead that a separation agreement, divorce decree, equitable distribution order, property-settlement agreement, or other operative act imposes an obligation on the Defendant to pay money or convey property to Plaintiff.

The Complaint does not identify any such order or agreement, any terms, dates, amounts, or even the nature of a putative obligation. It only says that the Defendant's undefined "obligations . . . are not dischargeable as a matter of law," and that obligations were "incurred . . . pursuant to orders of a court of record," without citing an order or details. Compl. ¶¶ 12–13. Those are the kind of "naked assertions devoid of further factual enhancement" that *Iqbal* forbids.

## Conclusion

The Complaint is neither necessary nor well-pleaded. For those reasons, the Defendant respectfully requests that the Court enter an order dismissing the Complaint with prejudice, together with such other relief in her favor as may be necessary and proper under the law. The Defendant consents to entry of a final order or judgment by the Court.

                                              **SADEK LAW OFFICES, LLC**
                                              *Attorney for Defendant*

Date: August 15, 2025                   By:/s/ Michael I. Assad
                                                  Michael I. Assad
                                                  1500 JFK Boulevard, Suite 220
                                                  Philadelphia, PA 19102
                                                  215-545-0008
                                                  michael@sadeklaw.com