## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>TAHIRA M. WYATT | Case No. 25-12547 (DJB)<br><br>Chapter 7 |
| DERRICK N. BEY<br>          Plaintiff,<br><br>v.<br><br>TAHIRA M. WYATT,<br><br>          Defendants. | Adv. Pro. No. 25-00182 |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

The objection of Plaintiff Derrick N. Bey (the "Plaintiff"), by and through his undersigned attorneys, to the motion (the "Motion") of Tahira M. Wyatt (the "Debtor" or the "Defendant") for an order dismissing the complaint, respectfully represents as follows:

### BACKGROUND

1. On or about June 25, 2025, (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2. The Plaintiff is an individual and is the former spouse of the Debtor.

3. The Plaintiff and the Debtor are parties to aa domestic relations proceeding pending in the Court of Common Pleas for Philadelphia County-Family Court Division captioned Derrick N. Bey v. Tahira M. Bey, Case I.D. No. D21078594 (the "Matrimonial Action").

4. The Plaintiff has asserted claims against the Debtor in the Matrimonial Action for, among other things, equitable distribution of property owned by the Debtor

5. The Debtor failed to list the Matrimonial Action in her statement of financial affairs or otherwise disclose the Plaintiff's rights, claims, interests or creditor status in her Chapter 7 case.

6. As a result of the Debtor's failure to disclose the Matrimonial Action, the Plaintiff commenced this adversary proceeding on July 21, 2025 for a determination of the dischargeability of the Plaintiff's equitable distribution and other state law matrimonial rights and claims pursuant to §523(a)(15).

7. On August 15, 2025, the Debtor filed the Motion, which seeks an order dismissing the complaint on the stated grounds that the exception to discharge specified in §523(a)(15) is "self-executing" and that no adversary proceeding is either warranted or permitted. In effect, the Motion serves as an acknowledgment that the Debtor's obligations to the Plaintiff, as and when determined in the Matrimonial Action, are non-dischargeable.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

8. There exists nothing in the text of §523 of the Bankruptcy Code which precludes an action to determine the dischargeability of a marital claim. To the contrary, dischargeability proceedings are governed by Federal Rule of Bankruptcy Procedure 4007, which provides that the proceeding *must* be initiated by a complaint and is therefore subject to the adversary proceeding rules under Part VII.

9. In this regard also, Federal Rule of Bankruptcy Procedure 7001(6) expressly provides that "a proceeding to determine the dischargeability of a debt" is an adversary proceeding.

10. In view of the fact that the rules specifically contemplate the commencement of an adversary proceeding to adjudicate matters arising under §523, the Debtor's thesis is plainly wrong.

11. Having failed to disclose the existence of the Matrimonial Action in her schedules and statement of financial affairs, the Debtor's argument that this action is superfluous or unnecessary is puzzling, particularly where the Debtor has conceded that her obligations to the Plaintiff are not dischargeable as a matter of law. Rather than engaging in motion practice, the Plaintiff submits that the parties would be better served by entering into a consent judgment which gives effect to the parties' statutory rights and obligations under §523(a)(15).

## CONCLUSION

12. For the foregoing reasons, the relief requested in the Motion should be denied.

**WHEREFORE**, the Plaintiff respectfully requests the entry of an order denying the Motion, together with such other and further relief as is just and proper.

Dated: August 19, 2025                    KURTZMAN | STEADY, LLC

By:/s/ Jeffrey Kurtzman
Jeffrey Kurtzman, Esquire
101 N. Washington Avenue, Suite 4A
Margate, NJ 08402
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com

Attorneys for Plaintiff