## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Tahira M. Wyatt,<br><br>*Debtor*. | Case No. 25-12547-djb<br>Chapter 7 |
| Derrick N. Bey,<br><br>*Plaintiff*,<br><br>v.<br><br>Tahira M. Wyatt,<br><br>*Defendant*. | Adversary No. 25-00182-djb |

**Defendant's Reply to Plaintiff's Objection to Motion to Dismiss Adversary Complaint**

Defendant Tahira M. Wyatt, through her attorney, hereby replies to Plaintiff Derrick N. Bey's objection to her Motion to Dismiss the Adversary Complaint.

### Background

The Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 25, 2025. The Plaintiff then filed this adversary proceeding seeking a determination that the Defendant's obligations arising from a divorce proceeding are nondischargeable under 11 U.S.C. § 523(a)(15). Compl. ¶¶ 6–13. The same Complaint concedes that the obligations are already nondischargeable by operation of law. *Id.* ¶ 13.

The Defendant moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Mot. to Dismiss ¶ 7. The Plaintiff objected to the dismissal motion by suggesting that Fed. R. Bankr. P. 4007 and 7001(6) require commencement of an adversary proceeding for every statutory exception to discharge. Obj. ¶¶ 8–10. In other words,

the Plaintiff now seeks to litigate a conclusion he already pled as self-executing. *See* Compl. ¶ 13. This reply addresses that objection.

## Argument

This Court, like every other under the Constitution, is an arbiter of legal controversies, not a guidance counselor. *See* Letter from Chief Justice Jay and Associate Justices to President George Washington (Aug. 8, 1793), *reprinted in* Richard H. Fallon, Jr. et al., Hart and Wechsler's The Federal Courts and the Federal System 52 (7th ed. 2015). The most fundamental principle of the federal judiciary is Article III's mandate that courts only have jurisdiction over cases that are the subject of an active controversy. U.S. Const. art. III, § 2, cl. 1; *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).

An active controversy is required here, even though this is not an Article III court. *In re May*, 661 B.R. 40, 50 (Bankr. E.D. Pa. 2024) (citing *In re DuMouchelle*, 655 B.R. 120, 123 (Bankr. E.D. Mich.), *reconsideration denied*, 654 B.R. 904 (Bankr. E.D. Mich. 2023)). That requirement means this Court lacks subject matter jurisdiction when "the court can grant no effective relief because the plaintiff has already received all the relief he could." *May*, 661 B.R. at 50 (quoting *In re Klingler*, 301 B.R. 519, 523-24 (Bankr. N.D. Ill. 2003)). Subject matter jurisdiction "is always an antecedent question." *Hamilton v. Bromley*, 862 F.3d 329, 334 (3d Cir. 2017) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)).

Here, the plain text of the Bankruptcy Code already affords the Plaintiff the maximum relief the Code can give to anyone. "All debts arising out of a judgment of divorce are automatically non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and (15)." *In re Valdivia*, 2016 WL 3912029, at \*2 (E.D. Mich. July 19, 2016). Because exemption from discharge is the ultimate prize, it is impossible

2

for the Court to grant further relief to the Plaintiff. *Id*. Given that he "already has the entire relief he seeks for himself in this adversary proceeding, he has no personal stake," and thus, no standing. *In re Rosenfeld*, 535 B.R. 186, 193 (Bankr. E.D. Mich. 2015), *aff'd*, 558 B.R. 825 (E.D. Mich. 2016), *aff'd*, 698 F. App'x 300 (6th Cir. 2017).

A complaint to determine dischargeability fails under Article III and Fed. R. Civ. P. 12(b)(6) when a plaintiff enjoys a presumption of dischargeability. For example, a complaint by Barry Bankruptcy against Uncle Sam to determine dischargeability of a student loan satisfies the case or controversy doctrine and Rule 12(b)(6) because the relief requested is averse to the status quo—student loans are by default not discharged. On the other hand, a complaint by Uncle Sam against Barry would not be a controversy because it would simply request confirmation of the status quo. In other words, if the Court granted relief in Uncle Sam's favor, he would be no better off than he was before.

Like Uncle Sam, the Plaintiff would be no better off if the Court grants relief in his favor because the Bankruptcy Code gives his claim a presumption of dischargeability, and the Complaint pleads no facts to the contrary. In fact, it concedes a presumption by pleading that "[t]he obligations of the [Defendant] to the Plaintiff are not dischargeable as a matter of law pursuant to and **by operation of 11 U.S.C. §523(a)(15)**." Compl. ¶ 3 (emphasis added). The phrase "operation of law" means that "someone [has] certain rights . . . automatically under the law without taking action, requiring cooperation from another person, or being the subject of a court order." OPERATION OF LAW, Wex, Legal Information Institute, Cornell Law School, https://perma.cc/2NS8-5CQM (last visited Aug. 21, 2025).

## Conclusion

Because the obligations at issue are nondischargeable by operation of law, the Complaint presents no live controversy for this Court to adjudicate. The Plaintiff asks only a question that the text of the Bankruptcy Code answers plainly. That question does not create jurisdiction, nor does it state a claim upon which relief can be granted.

For those reasons, the Court must dismiss the Complaint as a matter of law.

**SADEK LAW OFFICES, LLC**
*Attorney for Defendant*

Date: August 21, 2025         By: /s/ Michael I. Assad
                                  Michael I. Assad
                                  1500 JFK Boulevard, Suite 220
                                  Philadelphia, PA 19102
                                  215-545-0008
                                  michael@sadeklaw.com

## Certificate of Service

I certify that on this date, I did cause a copy of this document to be electronically served on all parties on the Clerk's service list that are registered to receive notices through the CM/ECF system.

Date: August 21, 2025         /s/ Michael I. Assad
                              Michael I. Assad