# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Chapter 7 |
| Tahira M. Wyatt, | : | |
| | : | Case No. 25-12547 (DJB) |
| Debtor. | : | |
| | : | |
| Derrick N. Bey, | : | Adversary Proceeding |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 25-00182 |
| v. | : | |
| | : | |
| Tahira M. Wyatt, | : | |
| | : | |
| Defendant. | : | |

## O R D E R

**AND NOW**, this 28th day of October, 2025, upon consideration of the Plaintiff's Complaint (the "Complaint") [Dkt. No. 18], the Debtor's Motion to Dismiss (the "Motion") [Dkt. No. 5], the Plaintiff's Objection thereto [Dkt. No. 8], and the Debtor's Reply [Dkt. No. 9];

It is hereby **ORDERED** that the Motion is **GRANTED** and the adversary proceeding is **DISMISSED** without prejudice.*

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

# *E N D N O T E

On July 21, 2025, the Plaintiff, the Debtor's former spouse, commenced an adversary proceeding seeking a determination that obligations arising from the parties' pending matrimonial action in the Court of Common Pleas for Philadelphia County are nondischargeable under § 523(a)(15) of the Bankruptcy Code.

The Debtor sought dismissal for two (2) reasons. First, the Debtor seeks dismissal because it fails to state a claim. While the Complaint is factually threadbare, when read in the light most favorable to the Plaintiff, it does state a claim.  Pursuant to § 523(a)(15) of the Bankruptcy Code, the plaintiff must show that: "(1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in section 523(a)(5); and (3) the obligation was incurred in a separation agreement, divorce decree or other order of a court of record." Monastra v. Monastra (In re Monastra), 2010 Bankr. LEXIS 3616, at *8 (Bankr. E.D. Pa. Oct. 6, 2010). Read generously, the Plaintiff alleges a debt exists to a former spouse through a separation that is related to an equitable distribution action and not for alimony.  While the debt may be disputed and currently unliquidated, the Court does not read the Complaint as failing to state a plausible claim.

Second, the Debtor argues that the Bankruptcy Code does not permit a creditor to seek a determination of nondischargeability for a debt covered by § 523(a)(15) of the Bankruptcy Code. This is incorrect.  It is true that § 523(c) of the Bankruptcy Code does not require a creditor to seek an affirmative determination that its debt falls within § 523(a)(15) of the Bankruptcy Code; however, Federal Rules of Bankruptcy Procedure 4007 and 7001(f) clearly contemplate this type of proceeding.  If there were a ripe controversy, this action would be procedurally appropriate.

Despite these conclusions, the Court will nevertheless abstain from hearing this matter based on ripeness concerns.   There are often issues in bankruptcy where parties seek "comfort

orders" that reassure a lower court or an interested party of a self-executing legal status (e.g., existence of the automatic stay, whether an action is forbidden by the stay, or whether a debt has been discharged). Such matters are not uncommon, nor are they always improper requests. In this case, the Plaintiff seeks an advance determination that a debt that would arise from a pending state court matrimonial action will not be subject to the discharge. As a threshold matter, the Constitution prohibits federal courts from deciding matters where there is no "case[]" or "controversy." U.S. Const. art. III, § 2. Generally, courts gauge ripeness by assessing "(1) 'the fitness of the issues for judicial decision' and (2) 'the hardship to the parties of withholding court consideration.'" Plains All Am. Pipeline L.P. v. Cook, 866 F.3d 534, 539 (3d Cir. 2017) (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967)). In declaratory judgment cases, the Court still accounts for "fitness" and "hardship," but the ripeness test is slightly refined with a focus on "the adversity of the interest of the parties, the conclusiveness of the judicial judgment and the practical help, or utility, of that judgment." Step-Saver Data Sys., Inc. v. Wyse Tech., 912 F.2d 643, 647 (3d Cir. 1990).

The Court will analyze these factors in reverse order. First, the Court's judgment will be of little "practical help" or "utility"; the Court need not address whether an equitable distribution judgment falls within the scope of § 523(a)(15) of the Bankruptcy Code. Any standard discharge notice of the Debtor will clearly note that debts falling within § 523(a)(15) of the Bankruptcy Code are not discharged. If the Debtor raises an objection to future collection efforts on any debt rendered in favor of the Plaintiff post-discharge, this Plaintiff has access to this forum at that time for determination. *See supra*. Second, as to "conclusiveness," this Court's ruling now requires premature determinations of the scope of the debt; such ruling would infringe on the work presently underway before the Court of Common Pleas. If the matrimonial action

ultimately decides issues that go beyond the contours of § 523(a)(15) of the Bankruptcy Code, this Court's determination of dischargeability on these facts would not be conclusive.

Finally, there is little to no "adversity" present in this matter; the Debtor appears to concede that the subject debt will not be dischargeable when reduced to judgment. This concession suggests there may never be a challenge to the alleged nondischargeable nature of the debt. Given the pending matrimonial action and the inchoate nature of this obligation, this matter is not yet ripe for decision.

While this issue is not yet ripe, it does not mean the parties cannot resolve the matter themselves. If the parties are in agreement, as they appear to be, they are free to memorialize that agreement in a stipulation. Alternatively, if after conclusion of the matrimonial action and the discharge of the Debtor, a controversy arises as to whether the debt was or was not discharged, in part or in full, the Plaintiff is free to bring this same action at that time, when the controversy is ripe. For these reasons, the case will be dismissed for lack of ripeness, without prejudice.